```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                    CIVIL ACTION

VERSUS                                      NO: 08-104

JEFFERSON DANIELS                           SECTION: R
```

**ORDER AND REASONS**

In this action for the return of property, the United States seeks summary judgment on the grounds that the administrative forfeiture process is complete, and that it provided Jefferson Daniels with adequate notice of the pendency of the forfeiture action.  Because the Court finds that there are no material fact issues concerning whether the defendant received adequate notice of the administrative forfeiture, the Court GRANTS the motion.

**I.   BACKGROUND**

On March 28, 2008, Tangipahoa Sheriff's Deputy Womack stopped Daniels for a traffic violation on Interstate 55.[1]  Upon receiving Daniels' consent, Womack searched the vehicle and discovered a duffel bag containing a Ruger P94.9mm semi-automatic handgun.[2]  Womack arrested Daniels for being a felon in

---

[1]  R. Doc. 79 at 2.

[2]  *Id.* at 3.

possession of a firearm.[3]  Daniels alleges that during the traffic stop and subsequent arrest, Womack seized both the firearm and $16,700 in United States currency.[4]

While Daniels' criminal case was pending, the Drug Enforcement Agency (DEA) initiated administrative forfeiture proceedings for the $16,700.  Using certified mail, return receipt requested, the DEA sent written notice of the seizure and proposed forfeiture to Daniels at the Tangipahoa Parish Jail as well as to a Cincinnati, Ohio address.[5]  The DEA also published notice of the seizure and intended forfeiture in the Wall Street Journal on May 5, 2008, May 12, 2008, and May 19, 2008.[6]  The government asserts that neither Daniels nor any other individual to whom notice was sent filed a claim of ownership to the seized funds.  As a result, the DEA declared the funds forfeited to the United States on July 23, 2008.[7]

On August 26, 2008, Daniels was found guilty of being a convicted felon in possession of firearm,[8] and was subsequently sentenced to 100 months in prison.  On appeal, Daniels'

---

[3] *Id.*

[4] R. Doc. 84 at 1.

[5] R. Doc. 86-1, Ex. 1, Ex. 2.

[6] R. Doc. 86-1, Ex. 11.

[7] R. Doc. 86-1, Ex. 17.

[8] R. Doc. 42-2.

conviction was affirmed.[9]

Daniels now moves for return of the $16,700 seized at the time of his arrest.  Because Daniels' criminal case concluded before the filing of this motion, the Court construed Daniels' motion as a civil action under 28 U.S.C. § 1331 and construed the United States' opposition as a motion for summary judgment.[10]

## II.  LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of

---

[9]  R. Doc. 79.

[10]  R. Doc. 88.

law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075; *Isquith ex rel.*

*Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 198 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988).

## III. DISCUSSION

### A) Federal Rule of Criminal Procedure 32.2(a)

Daniels asserts that the government failed to comply with Federal Rule of Criminal Procedure 32.2(a), thus warranting return of the seized funds.  Under Rule 32.2(a), "[a] court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute."  Fed. R. Crim. P. 32.2(a).  The rule requiring the government to provide notice to the defendant in the indictment when it seeks forfeiture in a criminal proceeding "is not applicable [when] the property [is] seized in [a] civil forfeiture action."  *Ivory v. United States*, 172 F. App'x 934, 936 n.1 (11th Cir. 2006).  In this case, Daniels' property was seized pursuant to 21 U.S.C. § 881, the civil forfeiture statute. *See United States v. D.K.G. Appaloosas, Inc.*, 829 F.2d 532, 543 (5th Cir. 1987) ("[T]he language Congress chose for section 881 evidences its intent to provide for a civil forfeiture proceeding.").  Because Daniels' property was seized in a civil forfeiture action, Rule 32.2(a) does not apply.

5

### B) *Administrative Forfeiture Proceedings*

Federal law authorizes the civil forfeiture of funds that are the proceeds of drug transactions. 21 U.S.C. § 881(a)(6). If the government seizes certain property valued at $500,000 or less or, as in this case, "any monetary instrument," the DEA can use an administrative forfeiture procedure provided in the customs laws. 19 U.S.C. § 1607(a). That procedure, conducted wholly outside the judicial system, requires the DEA to publish notice of the administrative forfeiture for three successive weeks and to send notice to "each party who appears to have an interest in the seized article." *Kadonsky v. United States*, 216 F.3d 499, 503 (5th Cir. 2000) (citing 19 U.S.C. § 1607(a)). Those who receive the required notice of forfeiture have twenty days to file a claim to the property. 19 U.S.C. § 1608. If no claim is filed, the property is forfeited to the government. 19 U.S.C. § 1609; *see also Barrera-Montenegro v. United States*, 74 F.3d 657, 660 (5th Cir. 1996) ("If a party fails to respond within the prescribed time period, the property is summarily forfeited."). The filing of a claim to the seized property "stops the administrative forfeiture process, and the government must then institute judicial forfeiture proceedings, in which the government will have to show probable cause for the forfeiture." *Kadonksy*, 216 F.3d at 503 (citation omitted); *see also* 18 U.S.C. § 983(c) (providing the burden of proof under any civil

forfeiture statute).

If an administrative forfeiture is completed without a timely claim being filed, "a district court may review only whether the forfeiture comported with constitutional due process guarantees." *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007) (quoting *United States v. Robinson*, 434 F.3d 357, 362 (5th Cir. 2005)).  To show that the forfeiture comported with due process, the government must show that the notice sent was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the [forfeiture proceeding] and afford them an opportunity to present their objections." *Dusenbery v. United States*, 534 U.S. 161, 168 (2002) (citations omitted).

In this case, the government provided a declaration of forfeiture evidencing that the property Daniels seeks to reclaim has already been forfeited.[11]  Consequently, the Court lacks jurisdiction to consider Daniels' arguments that the money was seized during an illegal traffic stop, was not proceeds of drug transactions and was not otherwise illegally obtained by him or subject to forfeiture.  *See United States v. Schinnell*, 80 F.3d 1064, 1069 (5th Cir. 1996) (denying defendant's contention that not all the forfeited property was traceable to proceeds of fraud because by failing to contest the forfeiture, the forfeited funds

---

[11]   R. Doc. 86-1, Ex. 17.

were deemed traceable to the proceeds of fraud); *Barrera-Montenegro*, 74 F.3d at 658-60 (only reviewing the procedural safeguards of the administrative forfeiture even when no drugs or contraband were found on the defendant at the time of seizure and the defendant had never been charged with any criminal offense in connection with the seizure); *see also Caraballo v. United States*, 62 F. App'x 362, 363-64 (1st Cir. 2003) (once the administrative forfeiture was complete, the Court had no authority to consider that appellant was never charged with a drug-related crime and that there was no evidence linking the seized funds to any drug activity). To bring a substantive challenge to the seizure and proposed forfeiture, Daniels was required to file a claim of ownership to the funds within twenty days of the date that notice of the seizure was first published. *See* 18 U.S.C §§ 1608-09; *Schinnel*, 80 F.3d at 1069 (finding that by forgoing the opportunity to contest or set aside the forfeiture, the defendant lost the opportunity to argue that the seized funds were not the proceeds of fraud). Filing a claim would have forced the government to initiate judicial forfeiture proceedings in which Daniels could have asserted the claims he tries to raise now. Because Daniels did not file a timely claim of ownership, the Court is limited to deciding whether the forfeiture of funds met the relevant procedural requirements and comported with due process.

*C) Notice*

Daniels asserts that he never received notice of the administrative forfeiture. To satisfy the notice requirements for an administrative forfeiture, "the government must (1) publish notice of the administrative forfeiture and (2) send written notice to any party who appears to have an interest in the seized article." *United States v. Robinson*, 434 F.3d 357, 362 (5th Cir. 2005) (citations omitted). Due process requires that a party with an interest in forfeited funds be sent notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the forfeiture action and afford them an opportunity to present their objections." *Bailey v. United States*, 508 F.3d 736, 738-39 (5th Cir. 2007) (citing *Robinson*, 434 F.3d at 362). "Actual notice is not required." *Bailey*, 508 F.3d at 739 (citing *Dusenbery v. United States*, 534 U.S. 161, 170 (2002)). Nor must the government engage in "heroic efforts"; rather the government's efforts must be "reasonably calculated" to apprise a party of the pendency of the action. *Dusenbery*, 534 U.S. at 170.

In this case, the government sent notice of the administrative forfeiture by certified mail, return receipt requested, to the Tangipahoa Parish Jail where Daniels was confined, as well as to Daniels' Cincinnati, Ohio address.[12] The

---

[12]  R. Doc. 86-1, Ex. 1. Ex. 3.

notice was received at both locations and signed for.[13]  "Under most circumstances, notice sent by ordinary mail is sufficient to discharge the government's due process obligations." *Armendariz-Mata v. U.S. Dept. of Justice, Drug Enforcement Admin.*, 82 F.3d 679, 683 (5th Cir. 1996) (citation omitted).  The notice here was not returned undelivered, and there is no evidence that the DEA knew of any problems with the jail's mail delivery system. *Compare id.* (finding inadequate notice when the notice was returned undelivered, and the DEA made no additional efforts to inform the individual of the forfeiture proceeding).  The certified delivery and acceptance of the notice of forfeiture by authorized jail personnel reasonably apprised Daniels of the pendency of the forfeiture action. *See, e.g., Dusenbery*, 534 U.S. at 164 (finding adequate notice when notice was sent to the prison where defendant was incarcerated, to the residence where he was arrested and to another address in the town where his mother lived); *Bailey*, 508 F.3d at 739 (finding adequate notice where notice of administrative forfeiture sent to jail where defendant was incarcerated, to address he gave at the time of his arrest and notice was received at both locations); *see also Chairez v. United States*, 355 F.3d 1099, 1101-02 (7th Cir. 2004) ("Because *Dusenbery* does not require actual notice via acknowledged receipt by the prisoner, the certified delivery and

---

[13]  R. Doc. 86-1, Ex. 2, Ex. 4.

acceptance of the notice of forfeiture by authorized jail personnel reasonably apprised Chairez of the pendency of the forfeiture action.").

Here, the government published notice in a newspaper of general circulation for three consecutive weeks, sent notice by certified mail to Daniels' Ohio address, sent notice by certified mail to the prison where he was incarcerated and produced the signed receipt showing that notice arrived at the jail. The Court finds that under all the circumstances, the government's written notice was reasonably calculated to provide Daniels with notice and the forfeiture comported with constitutional due process guarantees.

IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS the United States' motion for summary judgment on Daniels' claim for return of property.

New Orleans, Louisiana, this 10th day of December, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE