UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                   NO:08-104

JEFFERSON DANIELS                        SECTION: R(5)


**ORDER AND REASONS**

Before the Court is petitioner Jefferson Daniels's motion to appeal *in forma pauperis*.[1] Because the Court finds that his appeal is not taken in good faith, the motion is DENIED.

**I. Background**

On March 28, 2008, the Tangipahoa Parish Sheriff's Office arrested Jefferson Daniels for being a felon in possession of a firearm.[2] Daniels alleges that during the traffic stop and subsequent arrest, Sheriff's Deputy Womack seized both the firearm and $16,700 in United States currency.[3] On August 26, 2008 a jury found Daniels guilty of being a convicted felon in possession of a firearm.[4] His conviction was affirmed on

---

[1]  R. Doc. 111.

[2]  R. Doc. 79 at 3.

[3]  R. Doc. 84 at 1.

[4]  R. Doc. 42-2.

appeal.[5]

After his conviction was affirmed, Daniels filed a Motion for Return of Property,[6] which the Court construed as a civil action under 28 U.S.C. § 1331.  The Court granted summary judgment to the Government, finding that it lacked subject matter jurisdiction to consider Daniels's argument because he failed to file a timely claim in an administrative forfeiture proceeding.[7] The Court also found that the administrative forfeiture proceeding comported with constitutional due process guarantees. Daniels then filed a second Motion for Return of Property,[8] which the Court construed as Motion for Reconsideration under Federal Rule of Civil Procedure 60(b).[9]  The Court denied this motion because Daniels did not advance any new arguments in support of his motion and thus failed to show "exceptional circumstances" that would justify relief under Rule 60(b)(6).

Daniels appealed this Court's denial of the motion for reconsideration to the United States Court of Appeals for the Fifth Circuit on January 27, 2012.[10]  He also filed a motion for

---

[5]   R. Doc. 79.

[6]   R. Doc. 84.

[7]   R. Doc. 99.

[8]   R. Doc. 105.

[9]   R. Doc. 109.

[10]   R. Doc. 110.

leave to appeal *in forma pauperis* that is now before the Court.

**II. Standard**

A plaintiff may proceed in an appeal *in forma pauperis* when she "submits an affidavit that includes a statement of all assets [she] possesses [and] that [she] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); *see also* FED. R. APP. P. 24(a). A court may dismiss the case at any time if it determines that the allegation of poverty is untrue, that the appeal is frivolous or malicious, that the appeal fails to state a claim on which relief may be granted, or that the appeal seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam); *see also Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) ("A district court has discretion, subject to review for abuse, to order a person to pay partial filing fees where the financial data suggests that the person may do so without suffering undue financial hardship."). The district court must inquire as to whether the costs of appeal would cause an undue financial hardship. *Prows*, 842 F.2d at 140; *see also Walker v. Univ. of Tex. Med. Branch*, No. 08-417, 2008 WL 4873733, at *1 (E.D. Tex. Oct. 30, 2008) ("The term 'undue financial hardship'

is not defined and, therefore, is a flexible concept. However, a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'") (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

**III. Discussion**

Daniels's motion to proceed *in forma pauperis* indicates that he works for Facilities at the Federal Correctional Institution in Manchester, Kentucky, earning $16 per month. Daniels states that his mother sends him $100 per month but that this sum is not guaranteed. Daniels does not own any real estate, financial instruments, automobiles, or anything of value; he currently has $74.10 in a checking account. This suggests that Daniels is unable to pay the costs of appeal.

The Court finds, however, that Daniels has failed to state a nonfrivolous ground for appeal. An appeal may not be taken *in forma pauperis* if it is not in good faith. 28 U.S.C. § 1915(a)(3); *see also* FED. R. APP. P. 24(a)(3). "'Good faith' is demonstrated when a party seeks appellate review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). A determination of an IFP movant's good faith, while

4

necessitating a brief inquiry into the merits, is limited to whether the appeal involves legal points arguable on their merits. *United States v. Misher*, 401 F. App'x 981, 981 (5th Cir. 2010) (quoting *Howard*, 707 F.2d at 220). "A complaint is frivolous if it lacks an arguable basis either in law or in fact." *Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003) (citing *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992)).

Daniels's notice of appeal does not have an arguable basis in either law or fact. It does not contain any information regarding the alleged violations of his rights beyond what he asserted in his earlier motions, and the Court finds no reason to depart from the earlier judgments denying Daniels's requested relief. Based on the foregoing, the Court finds that Daniels's assertions do not have an arguable basis in law or fact, and his appeal is therefore frivolous.

## IV. Conclusion

Accordingly, the Court DENIES petitioner's motion to proceed in *forma pauperis*.

New Orleans, Louisiana, this __6th__ day of March, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

5